DA 07-0124

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2007 MT 349N

KADE KRAUSE,

      Plaintiff and Appellant,

  v.

JOHN ERB,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DV 03-12629,
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Marjorie L. Thomas, Dick & Thomas, P.C., Butte, Montana

      For Appellee:

      Andrew P. Suenram and R. Jean Bergeson, Erb & Suenram, PLLC,
Dillon, Montana

Submitted on Briefs:  October 31, 2007

Decided:  December 18, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John Erb ("Erb"), a rancher and stockyard owner, asked Kade Krause ("Krause"), a welder and fabricator, to build a custom machine to unload hay from his flatbed truck ("the unloader"). The two entered into an oral contract, but did not specify a price or a deadline for the unloader's completion. The parties agreed that the unloader would unload a full load of bales from the truck bed but never specified how many bales constituted a full load.

¶3 Krause notified Erb that he had completed the unloader, and one of Erb's employees took delivery of it. Several days later, Erb notified Krause that the unloader did not work, and refused to pay for it.

¶4 Prior to delivering the unloader, Krause performed some tests on the unloader, but never tried to load or unload any hay bales from the truck. Krause met Erb at his stockyard to inspect the unloader. The parties disagreed over the cause of the unloader's failure: Erb claimed the unloader did not meet the agreed-to design specifications, while Krause blamed Erb for overloading the machine. Krause felt that the unloader would

work properly if fewer hay bales were in the truck bed. Ultimately, neither party succeeded in loading or unloading any hay bales with the unloader at Erb's stockyard.

¶5 Erb asked Krause to modify the unloader, and offered to pay him $12,000. Krause refused. Erb told Krause he would deliver the truck to his garage so the unloader could be removed, but Erb never did deliver it.

¶6 The truck sat on Erb's property for several years. Krause made multiple attempts to locate and repossess the unloader. At some point, Erb took his truck to a third party business to have the unloader removed. When Krause found it, after this suit was filed, parts of the unloader were damaged and missing.

¶7 Krause sued Erb to recover the price of the unloader ($18,959.46, plus 12 percent interest), as well as his attorney's fees and costs. The District Court found that the unloader was defective, that Krause had breached the contract by delivering a non-conforming good, and that Krause failed to cure his breach by making a conforming delivery. The court further found that Erb had a duty to take reasonable care of the unloader after he had rejected it and failed to do so. Krause was awarded $2,822.28 in damages for the missing parts.

¶8 We uphold the District Court's conclusions of law and findings of fact. Put simply, the unloader did not unload. Both parties tested the unloader, and tried to operate it without success. Krause failed to show that the unloader could successfully perform the function of unloading even a single bale of hay, let alone a truckload. Thus, the unloader was a non-conforming good.

¶9    Under § 30-2-601, MCA, Erb had a right to reject the unloader as a non-conforming good. Erb communicated his rejection to Krause "within a reasonable time after delivery," as required by § 30-2-602, MCA.

¶10    Krause had the right to cure his imperfect tender. Section 30-2-508, MCA. To exercise this right, Krause should have "seasonably notif[ied] the buyer of his intention to cure" and then made a conforming delivery. Section 30-2-508, MCA. Krause did not make a conforming delivery. A seller is not entitled to demand payment as a condition of curing a defective product. Erb's refusal to pay does not excuse either Krause's breach or his failure to cure. If Krause had cured and Erb still refused to pay, then Krause could have recovered his costs and damages through any one of the myriad seller's remedies provided by §§ 30-2-703, 30-2-708-709, MCA.

¶11    The District Court correctly concluded that Erb failed to fulfill the duty imposed by § 30-2-602(b), MCA, which required him to hold the unloader "with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove [it.]" Section 30-2-602(b), MCA. We see no clear error in the District Court's findings of fact concerning the resulting damages Krause sustained.

¶12    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District

4

Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶13     We affirm.

                                    /S/ W. WILLIAM LEAPHART


We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE